Argued and submitted April 29, reversed and remanded May 26, 1981

STATE OF OREGON,
*Appellant,*
*v.*
RAYMOND TOLEDO CHARLES,
*Respondent.*

(No. 12239, CA 18360)

628 P2d 755

Gary S. Thompson, District Attorney, Prineville, argued the cause for appellant. On the brief was John K. Knight, Deputy District Attorney, Prineville.

No appearance for respondent Raymond Toledo Charles.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

Defendant was charged with being an habitual traffic offender. ORS 484.705.[1] The trial court sustained defendant's demurrer to the complaint on the ground that the proceeding was barred by the statute of limitations. The state appeals. We reverse.

The complaint in this case alleged that the defendant had been convicted of three or more offenses involving the operation of a motor vehicle within a five year period, which violations were required to be reported to the Oregon Motor Vehicles Division. These convictions were:

(1) Driving under the influence of intoxicants on November 17, 1976;

(2) Driving under the influence of intoxicants on December 6, 1976;

(3) Driving while suspended on October 24, 1977; and

(4) Driving under the influence of intoxicants on April 17, 1980.

The matter came on for hearing on June 23, 1980. After certain testimony had been introduced, the trial court entered an opinion which is recorded in the journal as follows:

---

[1] ORS 484.705 provides in pertinent part:

"(1) As used in ORS 484.700 to 484.750, unless the context requires otherwise, 'habitual offender' means any person, resident or nonresident, who within a five-year period, has been convicted of or forfeited bail for the number and kinds of traffic offenses described by paragraph (a) or (b) of this subsection, as evidenced by the records maintained by the division.

"(a) Three or more of any one or more of the following offenses:

"(A) Manslaughter or criminally negligent homicide resulting from the operation of a motor vehicle;

"(B) Driving while under the influence of intoxicants as defined by ORS 487.540;

"(C) Driving a motor vehicle while his license, permit or privilege to drive has been suspended or revoked as defined by ORS 487.560;

"(D) Reckless driving as defined in ORS 487.550;

"(E) Failure of the driver of a motor vehicle involved in an accident resulting in the death of or injury to any person or damage to any vehicle being driven or attended by a person to perform the duties required by subsections (1) and (2) of ORS 483.602; * * *

"* * * * *"

"The court found that an action to declare the defendant an habitual [offender] could have been commenced after his conviction for Driving While Suspended on October 24, 1977. However, based on the fact that the court could declare a forfeiture of the defendant's driver's license in this matter under ORS 484.730, the court held the action was barred by the two year statute of limitations set forth in ORS 12.110. * * *"

The "forfeiture" statute to which the trial court was referring is ORS 484.730, which provides:

"If the court finds that the person before the court is not the person named in the abstract, or that he is not a habitual offender, the proceeding shall be dismissed; but if the court finds that the person before the court is the person named in the abstract and that the person is a habitual offender, the court shall so find and by appropriate order direct the person not to operate a motor vehicle on the highways of this state *and to surrender to the court all licenses or permits to operate a motor vehicle* on the highways of this state for disposal in accordance with ORS 482.470. The clerk of the court shall file with the division a copy of the order whereupon the division shall forthwith revoke the license of the person to operate motor vehicles." (Emphasis supplied.)

The court was of the view that the surrender of a driver's license provided for in that statute makes the statute a "forfeiture" statute to which a two year statute of limitations is applicable under ORS 12.110(2):

"* * * * *

"(2) An action upon a statute for a forfeiture or penalty to the state or county shall be commenced within two years.

"* * * * *"

We need not, in this opinion, decide the question of whether the trial court was correct in characterizing ORS 484.730 as a "forfeiture" statute in view of the fact that, even if it *were* a forfeiture statute, this habitual traffic offender proceeding was nonetheless timely because defendant's latest conviction of driving under the influence was on April 17, 1980. This proceeding was brought well within two years after that conviction and, therefore, was timely in any event.

The judgment of the trial court dismissing the habitual traffic offender proceeding in this case is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.